## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

ALYSSA DALLOO,

    Plaintiff,

                                    Case No.

v.

CITIGROUP INC.,
dba Best Buy - Citi Bank,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, CITIBANK, N.A., improperly identified by Plaintiff as "CITIGROUP INC., dba Best Buy – Citi Bank" ("Citibank"), by and through its undersigned counsel, hereby gives notice that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, the civil action currently pending in the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, captioned *Alyssa Dalloo v. Citigroup Inc., dba Best Buy – Citi Bank*, Case No. CONO 24012495 (the "State Court Action"), is removed to the United States District Court for the Southern District of Florida, and in support states:

    1.    Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders that have been served upon Citibank are attached hereto as **Composite Exhibit A**.

1

2. **This Notice of Removal is Timely:** The Statement of Claim in the State Court Action, a copy of which is included within Exhibit A attached hereto (the "Complaint"), was served on Citibank on March 7, 2024. Accordingly, pursuant to 28 U.S.C. §1446(b), this notice of removal is timely filed within thirty (30) days of the date upon which Citibank received a copy of the initial pleading in the State Court Action.

3. **Consent**: Citibank is the sole defendant in this action, and therefore no other parties must consent to removal under 28 U.S.C. § 1446(b)(2)(A).

4. **Jurisdiction:** Removal of the State Court Action to the United States District Court for the Southern District of Florida, Orlando Division, is proper under 28 U.S.C. §1441(a) inasmuch as this Court has original jurisdiction of said action under 28 U.S.C. § 1331. Federal law provides for original federal jurisdiction under a variety of circumstances, including, but not limited to, what is commonly referred to as subject matter jurisdiction pursuant to 28 U.S.C §1331. In the instant case, the State Court Action is removable to federal court under this Court's original subject matter jurisdiction.

5. Pursuant to 28 U.S.C §1331

> The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. In her Complaint, Plaintiff seeks damages based on allegations that her "Best Buy Credit Card had been paid off since August 2023," but her "account

2

still shows as past due and has been reported to the respective Credit Bureaus as such." *See* Complaint. Plaintiff does not allege any specific theory of liability upon which she claims a right to damages. Nevertheless, Plaintiff's claims fall squarely within the conduct regulated by 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA"). Specifically, 15 U.S.C. § 1681s-2 regulates the responsibilities of furnishers of information to consumer reporting agencies.

7. It is well settled that, "even when a plaintiff has pled only state-law causes of action, he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law completely preempts his state-law claims." *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004); *see also Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (noting that the "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues").

8. Citibank relies on both of the principles as bases for removal. First, Plaintiff's claims raise substantial questions of federal law because, whether or not Citibank acted improperly in connection with reporting Plaintiff's credit information "to the respective Credit Bureaus" rests *entirely* on an interpretation of Citibank's obligations under 15 U.S.C. § 1681s-2. Second, to the extent that

3

Plaintiff would attempt to couch her claims as a violation of some as yet unidentified state law, such law would be completely preempted by 15 U.S.C. 1681t(b)(1)(F).

9. Thus, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 15 U.S.C. § 1681, *et seq*.

10. As a result, this Court has original subject matter jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1331, 1441, and 15 U.S.C. § 1681 *et seq.*, based upon the allegations in Plaintiff's Complaint.

11. Further, this Court is the proper district court for removal because the Seventeenth Judicial Circuit, in and for Broward County, Florida, is located within the United States District Court for the Southern District of Florida.

12. **Notice to Plaintiff:** Pursuant to 28 U.S.C. §1446(d), promptly upon the filing and service of this Notice of Removal, Citibank will: (a) give written notice thereof to the Plaintiff, who is proceeding pro se, and (b) file a notice of the filing of this removal with the State Court.

13. Nothing in this Notice of Removal shall be construed as a waiver of Citibank's right to assert any defense or affirmative matter. Citibank further expressly reserves, and does not waive, its right to move to compel this matter to arbitration under the card agreement governing the Citibank credit card account raised in the Complaint.

WHEREFORE Defendant, CITIBANK, N.A., prays that the United States District Court for the Southern District of Florida, accepts this Notice of Removal, that it assumes jurisdiction of this cause, and that it issues such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof, and that it grant such other and further relief as may be necessary.

Dated this 5th day of April, 2024.

/s/ Andrew C. Wilson
Louis M. Ursini, III, Esq.
Florida Bar No. 0355940
Primary: louis.ursini@arlaw.com
Secondary: lisa.stallard@arlaw.com
Chantal M. Pillay, Esq.
Florida Bar No. 108369
Primary: chantal.pillay@arlaw.com
Secondary: lisa.stallard@arlaw.com

ADAMS AND REESE LLP
100 North Tampa Street, Suite 4000
Tampa, FL 33602
813-402-2880 (Telephone)
813-402-2887 (Facsimile)

Andrew C. Wilson, Esq.
Florida Bar No. 0103203
Primary: andrew.wilson@arlaw.com
Secondary: suellen.kerrigan@arlaw.com

ADAMS AND REESE LLP
2001 Siesta Dr., Suite 302
Sarasota, FL 34239
*Attorneys for Citibank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of April, 2024, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to all counsel of record and CM/ECF participants.

*/s/ Andrew C. Wilson*
Andrew C. Wilson, Esq.
Florida Bar No. 0103203

DL-1551
03-07-2024
2:00PM

| Alyssa Dalloo | IN THE COUNTY COURT IN AND |
| 4658 NW 22nd St | FOR BROWARD COUNTY, FLORIDA |
| Coconut Creek FL 33063 | CASE NO. **CONO** |
| | JUDGE **24012495** |
| | DIV. Civil |

PLAINTIFF

72 JOHN HURLEY

VS.

Citigroup INC, DBA Best Buy - Citi Bank
6716 Grade Ln Suite 910
Louisville KY 40219

**SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE**

DEFENDANT

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)

Registered Agent: C T Corportion System
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom __1__, located at __1600 W. HILLSBORO BLVD, DEERFIELD BEACH, FL 33442__ on __04/08/2024__ at __9:00 a.m.__ for a PRETRIAL CONFERENCE before a Judge of this court.

**IMPORTANT – READ CAREFULLY
THE CASE WILL NOT BE TRIED AT THAT TIME.
DO NOT BRING WITNESSES–APPEAR IN PERSON OR BY ATTORNEY.**

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

**Composite Exhibit A**

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

DATED at _____ Florida, on    **FEB 27 2024**

Filed by: Alyssa Dalloo
Address: 4658 NW 22nd St
Coconut Creek, FL 33063



BRENDA D. FORMAN
AS CLERK OF THE COURT
JEIMY FERNANDEZ

By _____

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711.

**Composite Exhibit A**

| IN THE COUNTY COURT IN AND FOR BROWARD COUNTY FLORIDA | | CLOCK IN |
|---|---|---|
| DIVISION:<br>[X] CIVIL<br>[ ] OTHER | **STATEMENT OF CLAIM** | **CONO**<br>24012495 |
| PLAINTIFF (S) | vs.   DEFENDANT (S) | CASE NUMBER |
| Alyssa Dalloo | CITIGROUP INC. dba Best Buy - Citi Bank | 72 JOHN HURLEY   SP<br>DIV: |

The Plaintiff sues the Defendant for money owed Plaintiff by Defendant; and which is past due and unpaid; for   (As marked [ ✔ ] below) :

- [ ] Goods, wares and merchandise sold by Plaintiff, to Defendant;
- [ ] Work done and materials furnished by Plaintiff, to Defendant;
- [ ] Money loaned by Plaintiff to Defendant;
- [ ] Money due to Plaintiff upon accounts stated and agreed to between them;
- [ ] On a written instrument, copy of which is attached hereto;
- [ ] Rent for certain premises in Broward County, Florida, Viz;
- [✔] Other (Explain)
- [ ] Any additional facts in connection with any of the above:

(Use additional sheet if necessary)

My Best Buy Credit Card had been paid off since August 2023. However, my account still shows as past due and has been reported to the respective Credit Bureaus as such. 5000 includes the payment that was sent and associated late fees thats have been accumulated. 2000 is to account for legal fees, time loss, pain/suffering, etc. >> I am also seeking filing and service costs of $799.00 and pre-judgment interest of $218.63.

Where Plaintiff demands judgment in the sum of $ 8000.00 together with court costs which the court may assess. The Plaintiff, says the foregoing is a just and true statement of the amount owing by the Defendant to Plaintiff, exclusive of all set-offs and just grounds of defense.
Affiant states that the Defendant(s) is/are not in the military service of the United States.

| PLAINTIFF OR ATTORNEY<br>Alyssa Dalloo  *(signature)* | BRENDA D. FORMAN,<br>CLERK OF COURTS |
|---|---|
| ADDRESS OF PLAINTIFF/ATTORNEY<br>4658 NW 22nd St  Coconut Creek FL 33063 | by:_____<br>DEPUTY CLERK |
| | NOTARY PUBLIC  *(signature)*<br>State of Florida |
| PLAINTIFF/ATTORNEY TELEPHONE<br>(954) 397-3993 | *(Notary seal: RAFAEL C BLANCO, Notary Public - State of Florida, Commission # HH 04972_)* |
| | MY COMMISSION EXPIRES: |
| ATTORNEY BAR NUMBER: | Dec. 7, 2024 |

120-01 STATE OF CLAIM

**Composite Exhibit A**